UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | |
|---|---|
| SHARON KWAAK, | **COMPLAINT** |
| Plaintiff, | Jury Trial Demanded |
| -against- | ECF Case |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF PRISONS, FEDERAL BUREAU OF PRISONS EMPLOYEES AND AGENTS "JOHN DOES 1-1O," in their Individual and Official Capacities, COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, ARMOR CORRECTIONAL HEALTH SERVICES, INC., ARMOR CORRECTIONAL HEALTH SERVICES OF NEW YORK, INC., NASSAU COUNTY CORRECTIONS EMPLOYEES and AGENTS, "JOHN DOES 11-20," in their Individual and Official Capacities, ARMOR CORRECTIONAL HEALTH SERVICES, INC. EMPLOYEES and AGENTS, "JOHN and JANE DOES 21-30," in their Individual and Official Capacities, | |
| Defendants. | |

------------------------------------------------------------------ x

PLAINTIFF, SHARON KWAAK, by attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. PLAINTIFF, through undersigned counsel, brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Eighth Amendment of the United States Constitution, the Fourteenth Amendment of

1

the United State Constitution, Federal Torts Claim Act ("FTCA") and violations of the New York State Constitution as well as all areas of state and federal common and/or case law.

2. The nature of the claim is for intentional infliction of emotional distress, severe and permanent pain and suffering and all other damages allowed by statute and case law as a result of the carelessness, negligence, gross negligence, willful, unconstitutional conduct and intentional conduct of the Defendants, their agents, servants, deputies, and/or employees and other affiliates agencies and departments, without any contributory negligence on the part of the Plaintiff.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. Act of 1871, §§ 1983 and 1988, including its Fourth, Eighth, Fourteenth Amendments to the Constitution of the United States and the authority of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics. 403 U.S. 388 (1971), New York State Law, and the Federal Torts Claim Act.

4. Plaintiff submitted an Administrative Tort Claim to the United States Bureau of Prisons. Plaintiff's claim was denied on or about December 15, 2016.

5. Plaintiff has complied with all conditions precedent to suit including exhausting all available administrative remedies.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

8.     PLAINTIFF demands a trial by jury in this action.

## PARTIES

9.     PLAINTIFF, SHARON KWAAK, is a resident of County of Kings in the City Brooklyn and State of New York.

10.    Defendant COUNTY OF NASSAU, a municipal corporation, is a political subdivision of the State of New York. The COUNTY OF NASSAU is vicariously liable for and has ultimate responsibility for the NASSAU COUNTY CORRECTIONS CENTER, which is operated by the NASSAU COUNTY SHERIFF'S DEPARTMENT ("NCSD").

11.    Defendant NASSAU COUNTY CORRECTIONS CENTER is located in East Meadow, New York, in the Eastern District of New York. The NCCC is a correctional facility, operated by the NCSD.

12.    Defendant, NASSAU COUNTY SHERIFF'S DEPARTMENT is a department of the Defendant County. It is headed by a Sheriff, who is its chief supervisor and administrator. The Sheriff, among other duties, oversees the operations of the NCSD, which includes the daily operation of the NCCC.

13.    Defendant ARMOR CORRECTIONAL HEALTH SERVICES, INC. is a domestic corporation, foreign corporation, or other legal entity duly organized and existing under and by virtue of the laws of the State of New York.

14.    Defendant ARMOR CORRECTIONAL HEALTH SERVICES OF NEW YORK, INC., is a domestic corporation, foreign corporation, or other legal entity duly organized and existing under and by virtue of the laws of the State of New York.

15. Defendants "ARMOR" (as herein defined) has contracted with the County, NCCC, and/or the NCSD to provide health and medical services to the inmates of NCCC. It assumed this function in place of the Nassau University Medical Center ("NUMC"), although use is to be made of the facilities and staff of the NUMC as needed.

16. Armor is responsible for creating, implementing, and enforcing policies, practices, customs, guidelines, and protocols applicable to its duty and obligation to provide health and medical services to inmates of the NCCC.

17. Armor was, at all relevant times herein, endowed by the County, NCCC, and/or NCSD with powers and functions that are governmental in nature so that Armor became an agency or instrumentality of the County, NCCC and/or the NCSD, and, therefore, operated under color of state law, and was subject to all obligations, constraints, and/or limitations, of the United States Constitution, New York State Constitution, the County, the NCCC, and/or the NCSD.

18. Defendants Federal Bureau Of Prisons Employees and Agents "John Does 1-10," were at all times relevant to this Complaint employed by the BOP. The identities of these defendants are presently unknown to plaintiffs; upon the completion of initial discovery, plaintiffs will seek leave of Court to provide the name of each such defendant.

19. Nassau County Corrections Officers, "John Does 11-20," and agents of the County, were at all times relevant to this Complaint employed by the NCCC. The identities of these defendants are presently unknown to plaintiffs; upon the completion of initial discovery, plaintiffs will seek leave of Court to provide the name of each such defendant.

4

20. Defendants "John and Jane Does 21-30" are employees, servants, agents, or independent contractors for Armor, who performed duties and services, including as supervisors, at the NCCC at the relevant times herein. These Defendants include physicians, nurses, physician's assistants, nurse practitioners, and other providers of healthcare to the inmates, including BROWN, at NCCC. Their names are unknown at this time but are known to the Defendants.

21. Defendants, including supervisory Defendants, each acted under color of state law as agents of the County, NCCC, and/or NCSD, and was subject to all obligations, constraints, limitations, of the United States Constitution, New York State Constitution, the County, the NCCC, and/or the NCSD.

22. The UNITED STATES OF AMERICA ("USA"), defendant herein, through its agency, the Department of Justice, through its sub-agency, BUREAU OF PRISONS ("BOP"), is responsible for the operation of the federal prison system. Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

23. At all times relevant to this Complaint, all of the above-referenced defendants and other BOP personnel known and unknown to plaintiffs were acting within the scope and course of their employment with the BOP.

24. At all times relevant to this Complaint, all defendants and other BOP personnel known and unknown to plaintiffs acted in concert and conspiracy, and were jointly and severally responsible for the harms caused to plaintiff.

25. Each Defendant is liable, vicariously or otherwise, for the acts of each other Defendant herein.

**STATEMENT OF FACTS**

26. On or about April 16, 2015, at or around 6:00 p.m. PLAINTIFF was a federal prisoner and was incarcerated at NCCC pursuant to a contract between the BOP and Nassau County.

27. Defendant USA knew that NCCC and ARMOR had a long and substantial history of providing grossly inadequate medical treatment to its inmates, yet Defendant USA entered into a contract with NCCC to allow its inmates, here Ms. Kwaak, to be housed in their facility and subject to their care.

28. Upon intake into NCCC, Plaintiff was medically examined and screened by employees of NCCC and employees of ARMOR.

29. Plaintiff informed NCCC and ARMOR staff that she was addicted to heroine and this fact was noted in her file.

30. Upon examination, staff of NCCC and ARMOR learned that Plaintiff was several weeks pregnant at the time she was admitted to NCCC.

31. Despite the fact that they knew Plaintiff was pregnant, and in violation of NCCC policies and accepted medical practices, staff of NCCC and ARMOR refused to provide any medical detoxification assistance to combat PLAINTIFF's dangerous withdrawal from heroin.

32. It is well accepted in the medical community that patients suffering from opioid withdrawals have a high likelihood of miscarrying.

33. Plaintiff was in obvious and apparent severe pain and medical distress. Specifically, Plaintiff was vomiting, shaking, and had diarrhea, among other symptoms.

34. Plaintiff informed staff of NCCC and ARMOR of same but they refused to offer any medical assistances.

35. The actions of defendants, namely allowing Plaintiff to suffer heroin withdraw when she was pregnant, caused Plaintiff to miscarry.

36. On or about May 5, 2015, Plaintiff was transferred to the Federal BOP's Brooklyn Facility, MDC.

37. Despite the fact that BOP Staff knew that Plaintiff was pregnant and had gone through serious withdrawal, they did not take any action ensure that plaintiff and her baby were not injured.

38. It was not until approximately May 21, 2015 that Plaintiff was seen by medical staff and learned that she has miscarried.

39. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and reputational damage.

## CLAIM ONE
## Negligence

40. PLAINTIFF repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

41. Defendant United States of America is responsible for the oversight of its agents, servants, and/or employees, who include officials and staff at federal correctional institutions. Pursuant to the Federal Tort Claims Act, the United States is liable for damages caused by the negligent or wrongful acts of its agents, servants, and/or employees acting within the scope of their employment, under circumstances where the United States, if a private person, would be liable in accordance with the laws of the state where the negligent or wrongful acts occurred.

42. Defendant USA knew that NCCC and ARMOR had a long and substantial history of providing grossly inadequate medical treatment to its inmates, yet Defendant USA entered into a contract with NCCC to allow its inmates, here Ms. Kwaak, to be housed in their facility.

43. Defendant USA selected, hired, trained, retained, assigned and supervised staff who had plaintiff in their care.

44. Prison officials and staff, including NCCC and ARMOR staff, have a duty to protect inmates.

45. Prison staff and officials including NCCC and ARMOR staff, knew or should have known that plaintiff faced a risk to her health and safety.

46. Prison officials, including NCCC and ARMOR staff, breached their duty to protect plaintiff from harm by failing to take any actions to protect her from these risks to her safety.

47. As a result of these actions and inactions by prison staff and officials, plaintiff suffered serious personal injuries, pain and suffering, loss of life's pleasures, and emotional distress.

## CLAIM TWO
### Failure To Intervene

48. PLAINTIFF repeats and re-alleges each and every allegation as if fully set forth herein.

49. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50. Accordingly, the defendants who failed to intervene violated the Fourth, Eighth and Fourteenth Amendments.

51. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## CLAIM THREE
### Deliberate Indifference to Safety/Medical Needs

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Defendants, including NCCC, ARMOR, and BOP staff were aware of a risk to Plaintiff's safety and a need for medical care and failed to act in deliberate indifference to Plaintiff's needs.

54. Accordingly, Defendants, including NCCC, ARMOR, and BOP staff, violated the Fourteenth and Eighth amendments because they acted with deliberate indifference to Plaintiff's medical needs and safety and subjected Plaintiff to cruel and unusual punishment.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## CLAIM FOUR
### Intentional Infliction Of Emotional Distress

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

56. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

57. The aforementioned conduct was committed by defendants while acting within the scope of their employment.

58. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendants.

59. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

60. As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## CLAIM FIVE
### Negligent Infliction of Emotional Distress

61. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

10

62. By reason of the foregoing, each Defendant was negligent in committing conduct that inflicted emotional distress upon Plaintiff.

63. The negligent infliction of emotional distress by these Defendant was unnecessary and unwarranted in the performance of their duties.

64. Defendant, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff.

65. The Defendant employers are responsible for their wrongdoings of their employees and agents under the doctrine of *respondeat superior*.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: New York, New York
June 15, 2017

_____
Katherine E. Smith
233 Broadway, Ste. 1800
New York, New York 10279
Tel/ Fax: 347-470-3707
ksmith@legalsmithny.com
*Attorney for Plaintiff*